UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM CARMON,<br>Plaintiff, | : | CIV. NO. 3:23-cv-00944(JCH) |
| vs. | : | |
| CITY OF NEW HAVEN, ET AL.,<br>Defendants. | : | FEBRUARY 19, 2025 |

**DEFENDANT JAMES STEPHENSON'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, and Local Rule 56(a)1, the defendant, retired Detective James S. Stephenson ("Stephenson"), moves for summary judgment on all claims set forth against him in the plaintiff's operative amended complaint, dated May 6, 2024 [ECF No. 71]. As is more fully set forth in the accompanying memorandum of law, statement of undisputed facts, and supporting exhibits, Stephenson is entitled to summary judgment as a matter of law on all of plaintiff's claims against him.

This civil action arises out of the arrest, prosecution, and conviction of plaintiff, Adam Carmon, who was found guilty in 1995 by a jury of his peers of murder, assault in the first degree, and carrying a pistol without a permit, regarding the February 3, 1995 shooting death of a seven-month-old infant, Danielle Taft, and the injuries sustained by her grandmother, Charlean Troutman, who was left paralyzed. On November 30, 2022, as a result of a decision issued by the Honorable Jon. M. Alander, plaintiff was granted a new trial and was released after serving twenty-eight years in prison. See Carmon v. Commissioner of Correction, Superior Court for the judicial district of New Haven, Docket No. CV-20-6107902.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

Plaintiff has alleged that Stephenson violated the Fourteenth Amendment by failing to disclose exculpatory evidence during the time period relevant to plaintiff's criminal prosecution, as governed by Brady and Giglio. Am. Compl., Count One. Plaintiff has also alleged state law claims of negligence and negligent infliction of emotional distress ("NIED") against Stephenson. Id., Counts Seven and Eight. There are no genuine issues of material fact in dispute and Stephenson is entitled to summary judgment on all claims asserted against him for a variety of reasons, including:

1) As to the federal claims asserted, Stephenson satisfied his obligations under the law by sharing the entirety of his work file with the prosecutorial official in charge of plaintiff's criminal case, former New Haven State's Attorney Michael Dearington ("Dearington");

2) Even if the Court were to find that Stephenson's disclosure of his file materials to the prosecutorial authority was insufficient to protect him from liability exposure, he is entitled to absolute testimonial immunity and/or prosecutorial immunity for all federal claims asserted against him because Stephenson, at all times, acted at the direction of the prosecutorial authority, Dearington, including when Stephenson testified at the April 7, 1994 probable cause hearing, the March 28, 1995 criminal trial, and later habeas proceedings;

3) In the alternative, the undisputed facts demonstrate that Stephenson's conduct did not violate clearly established law, and was objectively reasonable under the circumstances he faced, in view of the law then existing and prevailing practices at the time regarding firearm and toolmark analysis. As a result, as to the plaintiff's federal claims, Stephenson is shielded by the doctrine of qualified immunity; and

4) Plaintiff's claims are also barred by the expiration of all applicable statutes of limitations governing plaintiff's claims under Connecticut General Statutes §§ 52-584, 52-577, or 7-465, and his state law negligence and NEID claims are precluded by governmental immunity under both the common law and General Statutes §§ 52-557n, and its several subparts addressed more fully in the attached memorandum of law.

WHEREFORE, for all the foregoing reasons, as well as those reasons set forth in more detail in the accompanying memorandum of law, Stephenson respectfully moves this Court to grant summary judgment in his favor on each claim alleged against him in plaintiff's amended complaint.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

DEFENDANT, JAMES STEPHENSON

BY/ss/ James N. Tallberg
James N. Tallberg
Federal Bar No.: ct17849
Kimberly A. Bosse
Federal Bar No.: ct31063
Karsten & Tallberg, LLC
500 Enterprise Drive, Ste. 4B
Rocky Hill, CT 06067
T: (860)233-5600
F: (860)233-5800
jtallberg@kt-lawfirm.com
kbosse@kt-lawfirm.com

## CERTIFICATION

I hereby certify that on February 19, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/ss/James N. Tallberg
James N. Tallberg