# PX23

**AFFIDAVIT AND APPLICATION
SEARCH AND SEIZURE WARRANT**
JD-CR-61  Rev. 6-92
C.G.S. §§ 54-33a, 54-33c, 54-33j

STATE OF CONNECTICUT
**SUPERIOR COURT**

**PAGE 1 OF 6**

*Form JD-CR-52 must also be completed*

**INSTRUCTIONS TO APPLICANT**

le a copy of the application for the warrant and all affidavits upon which the warrant is based, in a sealed envelope, with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Indicate the police department, case number and date of issuance on the front of the sealed envelope.

**INSTRUCTIONS TO G.A. CLERK**

1. Prior to the execution and return of the warrant, do not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based.
2. Upon execution and return of the warrant, affidavits which are the subject of an order dispensing with the requirement of giving a copy to the owner, occupant or person within forty-eight hours shall remain in the custody of the clerk's office in a secure location apart from the remainder of the court file.

**TO:   A Judge of the Superior Court**

The undersigned, being duly sworn, complains on oath that the undersigned has probable cause to believe that certain property, to wit: NINE MILLIMETER AUTOMATIC WEAPONS, NINE MILLIMETER AMMUNITION, THE PERSON KNOWN AS ANTHONY LITTLE, A BLACK MALE, DOB 10-20-70, WANTED ON ARREST WARRANTS FOR THE TOWN OF ORANGE AND CONNECTICUT STATE POLICE BETHANY.

[X] is possessed, controlled, designed or intended for use or which is or has been or may be used as the means of committing the criminal offense of:  MURDER, IN VIOLATION OF SECTION 53A-54A

[ ] was stolen or embezzled from:

[X] constitutes evidence of the following offense or that a particular person participated in the commission of the offense of: MURDER IN VIOLATION OF SECTION 53A-54A, AND THAT ANTHONY LITTLE PARTICIPATED IN SAID OFFENS

[ ] is in the possession, custody or control of a journalist or news organization, to wit:

   [ ] and such person or organization has committed or is committing the following offense which is related to such property:

   [ ] and such property constitutes contraband or an instrumentality of the criminal offense of:

And is within or upon a certain person, place, or thing, to wit: THE PREMISE KNOWN AS 175 CHESTNUT STREET, FIRST FLOOR RIGHT, NEW HAVEN, CT., ALSO A 1982 CHEVROLET, FOUR DOOR COLOR GRAY, CONNECTICUT REGISTRATION 714-HYH, REGISTERED TO WANDA LITTLE, WHO RESIDES AT 175 CHESTNUT STREET, NEW HAVEN, CT.

*(OVER)*

NHPD002297

D002091

And that the facts establishing the grounds for issuing a Search and Seizure Warrant are the following:

THE UNDERSIGNED AFFIANTS, DETECTIVE ANTHONY DILULLO AND DETECTIVE LEROY DEASE ARE MEMBERS OF THE NEW HAVEN POLICE DEPARTMENT AND HAVE A COMBINED TOTAL OF FORTY EIGHT (48) YEARS POLICE TRAINING AND EXPERIENCE PRIOR TO THE DATE HEREOF AND AT ALL TIMES MENTIONED HEREIN WERE ACTING AS MEMBERS OF SAID DEPARTMENT AND THE FOLLOWING FACTS AND CIRCUMSTANCES TO BE DESCRIBED ARE STATED FROM PERSONAL KNOWLEDGE AND OBSERVATION AS WELL AS INFORMATION RECEIVED FROM BROTHER POLICE OFFICERS.

ON FEBRUARY 3, 1994, AT APPROXIMATELY 10:36 P.M., MEMBERS OF THE NEW HAVEN POLICE DEPARTMENT DID RESPOND TO 810 ORCHARD STREET, IN REGARDS TO A SHOOTING UPON ARRIVAL POLICE OFFICERS LOCATED CHARLENE TROUTMAN, A BLACK FEMALE, APPROXIMATELY 44 YEARS OLD, SUFFERING FROM GUNSHOT WOUNDS. ALSO, POLICE OFFICERS LOCATED AT 7 MONTH OLD BLACK FEMALE, IDENTIFIED AS DANIELLE TAFT, SUFFERING FROM GUNSHOT WOUNDS TO HER HEAD AND ARM. BOTH DANIELLE TAFT AND CHARLENE TROUTMAN WERE RUSHED TO YALE NEW HAVEN HOSPITAL WHERE DANIELLE TAFT WAS PRONOUNCED DECEASED. CHARLENE TROUTMAN IS PARALYZED FROM THE SHOULDERS DOWN.

AN AUTOPSY WAS PERFORMED ON THE 7 MONTH OLD VICTIM, BEING DANIELLE TAFT, AND THE CAUSE OF DEATH WAS DETERMINED TO BE GUNSHOT TO HER HEAD AND THE MANNER OF DEATH WAS CLASSIFIED AS A HOMICIDE.

INVESTIGATORS AT THE CRIME SCENE, BEING 810 ORCHARD STREET, WERE ABLE TO RECOVER NUMEROUS 9 MM SHELL CASINGS. THESE SHELL CASINGS WERE RECOVERED ON THE EXTERIOR OF THE APARTMENT BUILDING NEAR THE FRONT WINDOW WHICH IS IN FACT ON ORCHARD STREET. IT APPEARS THAT THE PERPETRATOR FIRED AN AUTOMATIC TYPE WEAPON THROUGH THE WINDOW ON THE FIRST FLOOR AT 810 ORCHARD STREET, STRIKING DANIELLE TAFT AND CHARLENE TROUTMAN.

THIS INVESTIGATION UNCOVERED THE FACT THAT DURING THE EARLY AFTERNOON HOURS OF FEBRUARY 3, 1994, A FIGHT OCCURRED AT 810 ORCHARD STREET. ONE OF THE PARTICIPANTS IN THE FIGHT WAS IDENTIFIED AS BEING ARTHUR BRANTLEY WHO RESIDES AT 571 ELM STREET IN NEW HAVEN. MR. BRANTLEY WAS INTERVIEWED BY INVESTIGATOR AND DID ADMIT THAT HE IN FACT WAS AT 810 ORCHARD STREET DURING THE EARLY AFTERNOON HOURS ON FEBRUARY 3, 1994, AND THAT HE IN FACT WAS INVOLVED IN A FIGHT WITH THE OCCUPANTS OF THE APARTMENT AT 810 ORCHARD STREET. MR. BRANTLEY TOLD INVESTIGATORS THAT HE IS OWED MONEY BY RICHARD TROUTMAN AND CHARLENE TROUTMAN. MR. BRANTLEY TOLD INVESTIGATORS THAT THE TOTAL AMOUNT OF MONEY OWED TO HIM IS $185.00. HE STATED THAT THIS MONEY IS OWED OVER DRUGS. ACCORDING TO MR. BRANTLEY HE INFORMED INVESTIGATORS THAT HE IN FACT WAS AT THE APARTMENT ON FEBRUARY 3, 1994, AT 810 ORCHARD STREET, BECAUSE HE WAS ATTEMPTING TO COLLECT THE MONEY THAT WAS DUE HIM OVER THE NARCOTICS. MR. BRANTLEY STATED THAT AT THIS TIME HE GOT INVOLVED IN A VERBAL DISPUTE WITH RICHARD TROUTMAN AND A FEW OF RICHARD'S FRIENDS. MR. BRANTLEY STATED THAT HE LEFT THE APARTMENT AND ON THE EXTERIOR OF THE APARTMENT HE WAS BEAT UP BY SOME OF RICHARD TROUTMAN'S FRIENDS. HE STATED THAT AFTER HE WAS ASSAULTED HE HAD GONE HOME TO 571 ELM STREET AND SHORTLY THEREAFTER LEFT HIS HOME AND DID GO TO FERRY STREET IN FAIR HAVEN. MR. BRANTLEY STATED THAT HE WENT TO FERRY STREET IN FAIR HAVEN LOOKING FOR HIS BOSS WHO HE IDENTIFIED AS BEING ANTHONY LITTLE. MR. BRANTLEY STATED THAT HIS SUPPLIER IS IN FACT ANTHONY LITTLE. BRANTLEY INDICATED TO INVESTIGATORS THAT HE WAS UNABLE TO LOCATE ANTHONY LITTLE, BUT DID MEET A BLACK FEMALE WHO HE CALLED DIANE. HE STATED THAT HE EXPLAINED TO DIANE WHAT HAD OCCURRED AT 810 ORCHARD STREET AND ASKED HER TO HAVE ANTHONY LITTLE CALL HIM. MR. BRANTLEY STATED THAT AFTER SPEAKING TO DIANE HE RECEIVED A RIDE HOME AND REMAINED HOME FOR THE REMAINDER OF THE AFTERNOON.

ACCORDING TO MR. BRANTLEY, AT APPROXIMATELY 8:30 P.M., ON THE EVENING OF FEBRUARY 3, 1994, HE RECEIVED A TELEPHONE CALL FROM ANTHONY LITTLE. HE STATED (See PAGE 3 below for continuing Affidavit, Signatures of Affiant(s) and Jurat)

NHPD002298

D002092

THAT HE DESCRIBED TO ANTHONY LITTLE THE EVENTS WHICH OCCURRED AT 810 ORCHARD STREET EARLIER DURING THE AFTERNOON HOURS ON FEBRUARY 3, 1994.  MR. BRANTLEY STATED THAT ANTHONY LITTLE WAS AWARE THAT RICHARD TROUTMAN AND CHARLENE TROUTMAN HAD OWED MONEY FOR NARCOTICS.  ACCORDING TO MR. BRANTLEY, MR. LITTLE TOLD HIM THAT HE, BEING LITTLE, WOULD HANDLE THE PROBLEM.  LITTLE TOLD BRANTLEY THAT HE WAS GOING TO 810 ORCHARD STREET TO SETTLE THIS PROBLEM AND MR. BRANTLEY ASKED IF HE COULD COME ALONG.  ACCORDING TO BRANTLEY, LITTLE REFUSED TO TAKE HIM TO 810 ORCHARD STREET.

ACCORDING TO MR. BRANTLEY, HE STATED THAT HE KNEW THAT ANTHONY LITTLE WAS GOING TO GO TO 810 ORCHARD STREET AND SHOOT UP THE APARTMENT.  MR. BRANTLEY STATED THAT HE REMAINED AT HOME AND AT APPROXIMATELY 12:30 A.M., ON THE MORNING OF FEBRUARY 4, 1994, POLICE OFFICERS DID GO TO HIS HOUSE AND QUESTION HIM ABOUT THE FIGHT WHICH OCCURRED DURING THE EARLY AFTERNOON HOURS ON FEBRUARY 3, 1994.  MR. BRANTLEY STATED THAT HE DID NOT TELL THE INVESTIGATORS ABOUT ANTHONY LITTLE WHEN THEY INITIALLY INTERVIEWED HIM BECAUSE HE WAS AFRAID.

MR. BRANTLEY STATED THAT ON THE MORNING OF FEBRUARY 4, 1994, AT APPROXIMATELY 10 A.M., HE RECEIVED A TELEPHONE CALL AT HIS HOUSE AND THAT HE AGAIN SPOKE TO ANTHONY LITTLE.  HE STATED THAT ANTHONY LITTLE AT THIS TIME TOLD HIM THAT HE HAD GONE TO 810 ORCHARD STREET AND THAT HE HAD SETTLED THE PROBLEM.  MR. BRANTLEY AT THIS TIME INFORMED INVESTIGATORS THAT HE HAD IN FACT REACHED OUT FOR ANTHONY LITTLE BECAUSE HE, BEING BRANTLEY, WANTED SOME REVENGE FOR THE ASSAULT WHICH OCCURRED DURING THE AFTERNOON HOURS OF FEBRUARY 3, 1994, TO HIM

MR. BRANTLEY INFORMS INVESTIGATORS THAT HE IN FACT IS WORKING FOR ANTHONY LITTLE AND IS SELLING NARCOTICS FOR ANTHONY LITTLE.  HE STATED THAT HE HAS KNOWN ANTHONY LITTLE FOR APPROXIMATELY 2 YEARS AND SEES HIM FREQUENTLY.  MR. BRANTLEY DID IDENTIFY NEW HAVEN POLICE PHOTOGRAPH NUMBER 69632 AS BEING ANTHONY LITTLE, THE PERSON WHO HE SELLS NARCOTICS FOR, AND THE PERSON WHO HE HAD THE CONVERSATION WITH OVER THE TELEPHONE RELATIVE TO 810 ORCHARD STREET. IT SHOULD BE NOTED THAT NEW HAVEN POLICE PHOTOGRAPH NUMBER 69632 IS IN FACT A PHOTOGRAPH OF ANTHONY LITTLE WHO RESIDES AT 175 CHESTNUT STREET, NEW HAVEN, CT.  MR. BRANTLEY DID SIGN AND DATE THE PHOTOGRAPH THAT HE IDENTIFIED.

MR. BRANTLEY ALSO INFORMED INVESTIGATORS THAT ANTHONY LITTLE IS WANTED ON ARREST WARRANTS.  A CHECK WITH THE NEW HAVEN POLICE DEPARTMENT'S RECORD SECTION DOES SHOW THAT ANTHONY LITTLE IS IN FACT WANTED ON AN ARREST WARRANT FROM THE TOWN OF ORANGE AND ALSO ON AN ESCAPE WARRANT FROM THE CONNECTICUT STATE POLICE IN BETHANY.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____2_____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| New Haven | 2/7/94 | Det. Anthony DiGullo #805 |
| New Haven | 2/7/94 | |
| JURAT  Subscribed and sworn to before me on: | DATE 2/7/94 | SIGNED (Judge of the Superior Court) Bruce L. Thompson |



IT SHOULD BE NOTED THAT A CONCERNED CITIZEN HEARD THE GUNSHOTS ON THE EVENING OF FEBRUARY 3, 1994, AND DID OBSERVE A BLACK MALE RUNNING AWAY FROM THE SCENE OF THIS HOMICIDE. THIS CONCERNED CITIZEN INDICATED THAT THIS BLACK MALE RAN DOWN MUNSON STREET TO COUNTY STREET AND ENTERED A MID-SIZED GRAY VEHICLE. TH CONCERNED CITIZEN STATED THAT SOMEONE WAS WAITING IN THE VEHICLE FOR THE BLACK MALE AND AFTER THE BLACK MALE ENTERED THE VEHICLE, THE VEHICLE LEFT THE AREA AT A HIGH RATE OF SPEED.

INVESTIGATORS WERE ABLE TO DETERMINE THAT ANTHONY LITTLE DOES RESIDE AT 175 CHESTNUT STREET. FURTHER, PARKED IN FRONT OF THE HOUSE AT 175 CHESTNUT STREE WAS A 1982 CHEVROLET, COLOR GRAY, BEARING CT. REG. 714-HYH. THIS VEHICLE, ACCORDING TO RECORDS AT THE DEPARTMENT OF MOTORVEHICLE IS REGISTERED TO WANDA LITTLE WHO RESIDES AT 175 CHESTNUT STREET. WANDA LITTLE IS THE SISTER OF ANTHONY LITTLE.

IT SHOULD ALSO BE NOTED THAT ANTHONY LITTLE, IN OCTOBER OF 1990, WAS ARRESTED BY THE NEW HAVEN POLICE DEPARTMENT FOR SALE OF NARCOTICS. MR. LITTLE WAS IN FACT CONVICTED IN SUPERIOR COURT FOR THIS OFFENSE.

BASED ON THE INTERVIEW WITH ART BRANTLEY, WHERE MR. BRANTLEY IDENTIFIES ANTHONY LITTLE AS BEING HIS NARCOTIC SUPPLIER, AND ALSO THE PERSON WHO HE HAS THE CONVERSATION WITH OVER THE TELEPHONE RELATIVE TO 810 ORCHARD STREET, AND ALSO BASED ON THE FACT THAT THE CONCERNED CITIZEN OBSERVES A BLACK MALE RUNNING FROM THE SCENE OF THE SHOOTING ENTERING A MID-SIZED GRAY AUTO AND SINCE THE LITTLE FAMILY DOES OWN A 1982 CHEVROLET, COLOR GRAY, BEARING CT. REG. 714-HYH, BOTH DETECTIVE DEASE AND DETECTIVE DILULLO BELIEVE THAT PROBABL CAUSE HAS BEEN ESTABLISHED THAT EVIDENCE PERTAINING TO THIS HOMICIDE MAY BE SECRETED IN THE RESIDENCE AT 175 CHESTNUT STREET, FIRST FLOOR RIGHT, NEW HAVEN, CT. BOTH DETECTIVE DEASE AND DETECTIVE DILULLO RESPECTFULLY REQUEST A SEARCH AND SEIZURE WARRANT BE ISSUED.

THAT THE AFFIANTS BASED UPON TRAINING AND EXPERIENCE KNOW THAT INDIVIDUALS WH USE FIREARMS TO COMMIT A CRIME USUALLY SECRETE THEM IN THEIR HOMES OR VEHICLE OR IN VEHICLES USED BY THEM.

ALSO, NEW HAVEN POLICE DEPARTMENT RECORDS SHOW THAT ATHONY LITTLE HAS AN ADDR OF 175 CHESTNUT ST., NEW HAVEN, CT. ON FEBRUARY 6, 1994, A NEW HAVEN POLICE OFFICER WENT TO 175 CHESTNUT STREET, NEW HAVEN AND OBSERVED THE BUILDING TO B A THREE FLOOR-THREE FAMILY APARTMENT HOUSE. THE OFFICER TALKED TO ANNIE LITT WHO RESIDES AT THAT ADDRESS IN THE FIRST FLOOR APARTMENT ACCESSIBLE ON THE RIGHT AS YOU ENTER THE FRONT DOOR. A CHECK OF NEW HAVEN POLICE RECORDS REVEA ED THAT ANNIE LITTLE IS ANTHONY LITTLE'S MOTHER. UNITED ILLUMINATING CO. RECOR SHOW THAT THE FIRST FLOOR SUBSCRIBER IS ANDREW LITTLE AND THE SECOND AND THIR FLOORS ARE IN THE NAME OF QUINN AND JACKSON RESPECTFULLY. POLICE RECORDS SHO THAT ANTHONY LITTLE LIVES WITH HIS MOTHER.

The undersigned has not presented this application in any other court or to any other judge.

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| | CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|---|
| | New HAVEN | 2/7/94 | Det. Anthony DiLullo #805 |
| | NEW HAVEN | 2-7-94 | Det. Dease |
| JURAT | Subscribed and sworn to before me on: | DATE 2/7/94 | SIGNED (Judge of the Superior Court) Bruce P. Thompson |

INVESTIGATORS RECEIVED INFORMATION THAT THE DIANE REFERRED TO BY ARTHUR BRANTLEY WAS ONE DIANE SELLERS. DIANE SELLERS WAS LOCATED AND INTERVIEWED BY DETECTIVE TROY DEASE AND ACKNOWLEDGED THAT SHE KNOWS ARTHUR BRANTLEY QUITE WELL; THAT SHE SEES HIM ON A DAILY BASIS. DIANE SELLERS TOLD DETECTIVE DEASE THAT ON FEBRUARY 3 1994, ARTHUR BRANTLEY CAME TO HER HOME AROUND 7:00 p.m. AND STAYED FOR APPROXIMAT LY 5 MINUTES BEFORE TELLING HER THAT HE WAS GOING AROUND THE CORNER TO FREDDIE FREDDIE'S HOUSE. DIANE SELLERS KNOWS FREDDIE FREDDIE AND KNOWS THAT A PERSON NAMED D-MAN IS ALWAYS AT FREDDIE FREDDIE. DIANE SELLERS STATED THAT ARTHUR BRANTLEY SAID NOTHING TO HER ABOUT BEI NG BEATEN UP. SHE ALSO SAID THAT SHE IS ANTHONY LITTLE'S COUSIN.

The undersigned ("X" one) ☐ has not presented this application in any other court or to any other judge.
☐ has presented this application in another court or to another judge (specify)

_____

This application consists of this form plus _____ pages attached hereto and made a part hereof.

Wherefore the undersigned requests that a warrant may issue commanding a proper officer to search said person or to enter into or upon said place or thing, search the same, and take into custody all such property.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| New Haven | 2/7/94 | Det. Anthony Di Gullo #805 |
| New Haven | 2/7/94 | Det. Troy Dease |
| JURAT Subscribed and sworn to before me on: | DATE 2/7/94 | SIGNED (Judge of the Superior Court) Bruce W. Thompson |

PL 0009305

**AFFIDAVIT REQUESTING DISPENSATION WITH
REQUIREMENT OF DELIVERY
pursuant to § 54-33c, Connecticut General Statutes**

**TO:  A Judge of the Superior Court**

For the reasons set forth below, the undersigned, being duly sworn, requests that the judge dispense with the requirement of C.G.S. § 54-33c that a copy of the affidavit(s) in support of the warrant be given to the owner, occupant or person named therein within forty-eight hours:

☐  The personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time;

☒  The search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time;

☐  The giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a of the general statutes;

and the specific details with regard to such reasons are as follows:

BOTH DETECTIVE ANTHONY DILULLO AND DETECTIVE LEROY DEASE BELIEVE THAT LEAVING A COPY OF THE SEARCH WARRANT AT THE RESIDENCE WOULD JEOPARDIZE THE ONGOING INVESTIGATION INTO THE DEATH OF 7 MONTH OLD DANIELLE TAFT AND THE ASSAULT UPON CHARLENE TROUTMAN BECAUSE THE SEARCH OF THIS RESIDENCE, BEING 175 CHESTNUT STREET, IS PART OF A CONTINUING INVESTIGATION.

The undersigned further requests that this affidavit also be included in such nondelivery.

STATE OF CONNECTICUT

| CITY/TOWN | DATE | SIGNATURE AND TITLE OF AFFIANT |
|---|---|---|
| New Haven | 2/7/94 | Det. Anthony DiLullo #805 |
| New Haven | 2/7/94 | |
| JURAT  Subscribed and sworn to before me on: | DATE  2/7/94 | SIGNED (Judge of the Superior Court)  Nucee Thompson |

NHPD002302

D002096

**RETURN FOR AND INVENTORY**
**PROPERTY SEIZED ON SEARCH AND SEIZURE WARRANT**

PAGE 6 OF 6

INVENTORY CONTROL NO.

| JUDICIAL DISTRICT OF | G.A. | AT (Address of Court) | DATE OF SEIZURE |
|---|---|---|---|

| DOCKET NO. CR- | UNIFORM ARREST NO. | POLICE CASE NO. | COMPANION CASE NO. |
|---|---|---|---|

Then and there by virtue of and pursuant to the authority of the foregoing warrant, I searched the person, place, or thing named therein, to wit:

and found thereon or therein, seized, and now hold in custody, the following property . . .

☐ Total Cash Seized: _____, consisting of

and I gave a copy of such warrant to _____ , the owner or occupant of

the dwelling, structure, motor vehicle or place designated therein, or to _____ ,

the person named therein, on (Date): _____.

| DATE OF THIS RETURN | SIGNED (Officer's Signature and department) |
|---|---|

NOTE: Form JD-CR-61, pages 1-6 must be supplemented by Form JD-CR-52.

NHPD002303

D002097