**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ADAM CARMON, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:23-CV-00944 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL. | : | OCTOBER 17, 2025 |
|     Defendants. | : | |

**RULING ON MOTION FOR RECONSIDERATION (DOC. NO. 151)**

**I.   INTRODUCTION**

In this action, the plaintiff, Mr. Adam Carmon, sued the defendants in connection for his wrongful conviction. On September 18, in its Ruling on Motions for Summary Judgment (Doc. Nos. 119, 121, 122) (Doc. No. 147) ("Ruling"), the court denied both Detective Carusone's Motion for Summary Judgment (Doc. No. 119) and Detective Stephenson's Motion for Summary Judgment (Doc. No. 121). The court granted in part and denied in part the City of New Haven's Motion for Summary Judgment (Doc. No. 122).

On September 24, 2025, the City of New Haven ("City") filed a Motion for Reconsideration. ("Mot. for Rec.") (Doc. No. 151). Mr. Carmon filed a Memorandum in Opposition to the Motion for Reconsideration. ("Opp'n") (Doc. No. 155).

**II.   LEGAL STANDARD**

"The standard for granting a motion for reconsideration is strict." Ricciuti v. Gyzenis, 832 F. Supp. 2d 147, 165 (D. Conn. 2011) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)); see also D. Conn. Civ. R. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). The three primary grounds for reconsideration are "an intervening

1

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citations omitted).  The court should only grant reconsideration "when the 'moving party can point to controlling decisions or data that the court overlooked' and 'that might reasonably be expected to alter the conclusion reached by the court.' " Doe v. Winchester Bd. of Educ., No. 10-CV-1179, 2017 WL 662898, at *2 (D. Conn. Feb. 17, 2017) (citing Shrader, 70 F.3d at 256–57).  Additionally, "[a] motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved."  Id. (citing Pierce v. Lee, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010)).

## III.   DISCUSSION

While the Court of Appeals may find this court to have been in error on two issues on which the City seeks reconsideration, this court reviewed all relevant law and pertinent facts in reaching its conclusion.  Accordingly, the City's Motion, which lacks any basis to reconsider, compels the denial of its request to reconsider the court's decision.

The City's Motion for Reconsideration does not satisfy the stringent standard. Instead, the City simply asks the court to relitigate the merits of their Motion for Summary Judgment.  See, e.g. Mot. for Rec. at 1 ("the City maintains that the three-year statute of repose as to negligence claims contained in C.G.S § 52-584 is an absolute bar to the plaintiff's negligence claims. . . and that Plaintiff's allegations of willful or malicious conduct in support of his negligence claim cannot remain in his Amended Complaint").

The City fails to point to any controlling law[1] or evidence that the court overlooked in its initial Ruling with regard to the two points the City requests the court to readdress. D. Conn. Local Civ. R. 7(c)(1).[2] Further, the City failed to include any facts or precedent that were not considered by the court prior to its Ruling.

However, the Motion, even if meeting the "strict" standard for review, offers the court nothing that would cause it to accept the merits of the City's arguments on the two points that are addressed in the Motion for Reconsideration.

## IV.  CONCLUSION

For all the foregoing, the court DENIES the City's Motion for Reconsideration.

**SO ORDERED.**

Dated at New Haven, Connecticut this 17th day of October 2025.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge

---

[1] The City cites a number of cases for the statute of repose. However, they are not the controlling law: the controlling law is Heck. See Heck v. Humphrey, 512 U.S. 477 (1994); Cooke v. Williams, 349 Conn. 451, 468 (2024) ("We join the jurisdictions that have reached the same conclusion [as Heck]"); Morant, v. The City of New Haven et al., No. 3:22-CV-00630 (SVN), 2025 WL 2821260 at *10 (D. Conn. Oct. 3, 2025) (court held claims were timely under Heck when plaintiff was wrongfully imprisoned in 1994, received unconditional pardon July 7, 2021, and brought suit within three years on May 5, 2022).

[2] The statute of repose is not relevant and not controlling here. The City provides no ground to argue that Heck is not adopted by the Connecticut Supreme Court, nor is not controlling authority. Having reached that finding, the court need not address repose because the plaintiff filed his lawsuit well within the three year statute of limitation.