**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ADAM CARMON,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW HAVEN; LEE DEASE as Administrator of the Estate of Leroy Dease; MICHAEL SWEENEY; JAMES STEPHENSON; GILBERT BURTON; JAMES PONTEAU; and PETER CARUSONE, in their individual capacities,<br><br>Defendants. | No. 3:23-CV-944 (JCH)<br><br>December 12, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO SUGGEST A SPECIFIC DAMAGES FIGURE TO THE JURY**

The Court should permit Plaintiff to suggest specific dollar figures in his closing arguments to aid the jury in its assessment of damages. The Second Circuit has adopted a "flexible approach" on this issue, holding that "[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Just last year, the Second Circuit reaffirmed this approach, affirming a jury verdict and finding no abuse of discretion in the district court's choice to permit the plaintiff to request a specific dollar figure for pain and suffering in summation. *See Lupia v. N.J. Transit Rail Ops., Inc.*, 110 F.4th 450, 455 n.19 (2d Cir. 2024).

District courts routinely allow such suggestions. *See, e.g.*, Proceedings of March 17, 2025, *Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB) (D. Conn.) (permitting undersigned counsel to so suggest); *Colson v. Mingo*, No. 18-CV-2765 (JGLC), 2025 WL 688832, at *2 (S.D.N.Y. Mar. 4, 2025) (permitting plaintiff to suggest a specific dollar amount to the jury, with defendants to propose limiting instruction); *Dunham v. Lobello*, No. 11 Civ 1223, 2023 WL 3004623, at *7 (S.D.N.Y. Apr. 19, 2023) ("The Court will allow the Plaintiff to suggest a specific amount from the jury."); *Collado v. City of New York*, No. 11-CV-9041, 2017 WL 4533772, at *4 (S.D.N.Y. Sept. 27, 2017) ("In its discretion, the Court will allow Plaintiff in this case to request the jury award her a specific dollar amount."); *Newton v. City of New York*, 171 F. Supp. 3d 156, 172 & n. 94 (S.D.N.Y. 2016) (rejecting argument that counsel impermissibly suggested a dollar figure for damages in summation because the Second Circuit allows it).

Concerns about the weight of such a suggestion are appropriately addressed by a limiting instruction stating that numbers offered by counsel are merely a suggestion and the jury should make its own assessment of damages based on the evidence. *See, e.g.*, *Lupia*, 110 F.4th at 455 n.19; *Collado*, 2017 WL 4533772, at *4.

Dated: December 12, 2025

Respectfully submitted,

The Plaintiff
ADAM CARMON

By His Counsel:

/s/
Douglas E. Lieb, ct31164
Alison Frick, *pro hac vice*
Shirley LaVarco, *pro hac vice*
Kaufman Lieb Lebowitz & Frick LLP
18 East 48th Street, Suite 802
New York, New York 10017
(212) 660-2332
dlieb@kllf-law.com
africk@kllf-law.com
slavarco@kllf-law.com