UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAM CARMON | : | NO.: 3:23-CV-00944 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | DECEMBER 12, 2025 |

## CITY OF NEW HAVEN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF'S EXHIBIT 160, JUNE 13, 2023 TRANSCRIPT OF PROCEEDINGS BEFORE THE HONORABLE J. ALANDER

Defendant, City of New Haven, submits this memorandum in support of its motion *in limine* to exclude from trial Plaintiff's Exhibit 160, the June 13, 2023 transcript of dismissal proceedings in *State v. Carmon* (the "Transcript"). *See* Transcript of Dismissal Proceedings, attached as **Ex. A**. The Plaintiff seeks to introduce this Transcript as an exhibit in this civil action but the document concerns matters wholly unrelated to the issues the jury must decide. It records a brief 2023 hearing at which the State's Attorney entered a nolle of the 1994 criminal case. The presiding judge delivered personal remarks related to the criminal justice system, a description of post-conviction evidence, suppression of evidence attributable to the State's Attorney's Office, and other prosecutorial error by the State. *See* **Ex. A** at pp. 2-6. This material does not concern facts in dispute in this civil litigation. The issues here concern the conduct of officers in 1994 under civil standards of liability—not the State's 2023 charging decisions, the habeas court's view, or the prosecutor's assessment of his office's duties.

Because the Transcript is irrelevant under Rule 401 and its admission would cause extreme prejudice, jury confusion and misleading inferences under Rule 403, it must be excluded in its entirety.

**I.    STANDARD OF LAW**

Evidence is relevant only if it has "any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Rule requires a logical connection between the evidence and a disputed fact. Evidence that concerns unrelated legal processes, post-event developments, or judicial commentary on issues not before the jury is properly excluded as irrelevant.

Motions *in limine* have long been used in civil proceedings to obtain advance rulings on the admissibility of evidence. "It is a pretrial device most commonly used to invoke a trial judge's inherent discretionary powers both to control the proceedings before him and, more specifically, to exclude evidence and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial." *See State v. Crumpton*, 202 Conn. 224, 226 (1987); *State v. Binet*, 192 Conn. 618, 623–24 (1984); *State v. Shaw*, 185 Conn. 383 (1981). If the motion is granted, procedures for its utilization should include orders preventing the party offering the contested evidence from displaying it before the trier of fact or making reference to it in opening statement or in the examination of witnesses. Id. If it is denied, the denial is without prejudice; however, the denial itself is not sufficient to preserve the issue for appeal. *State v. Bell*, 188 Conn. 406, 414 (1982).

The motion *in limine* enables a litigant to obtain a ruling on the admissibility of highly prejudicial, inflammatory or clearly irrelevant evidence before it is referred to or in any way brought before a fact finder. A motion *in limine* may be used to exclude material where its potential prejudicial effect outweighs its probative value. *See, e.g.*,

*State v. Rivera*, 221 Conn. 58, 72–75 (1992); *State v. Lo Sacco*, 26 Conn. App. 439, 444 (1992).

Even relevant evidence must be excluded where its probative value is "*substantially outweighed*" by dangers including unfair prejudice, confusing the issues, misleading the jury, or causing undue delay or wasting time. Fed. R. Evid. 403. Our standard of review, more particularly, is as follows: "Relevant evidence is excluded ... when its probative value is outweighed by the danger of unfair prejudice.... A determination regarding undue prejudice is a highly fact and context-specific inquiry. [T]he determination of whether the prejudicial impact of evidence outweighs its probative value is left to the sound discretion of the trial court ... and is subject to reversal only [when] an abuse of discretion is manifest or injustice appears to have been done...."[T]here are [certain] situations [in which] the potential prejudicial effect of relevant evidence would suggest its exclusion. These are: (1) where the facts offered may unduly arouse the jur[ors'] emotions, hostility or sympathy, (2) where the proof and answering evidence it provides may create a side issue that will unduly distract the jury from the main issues, (3) where the evidence offered and the counterproof will consume an undue amount of time, and (4) where the [opposing party], having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it." (Citation omitted; internal quotation marks omitted.) *Perez v. D & L Tractor Trailer School*, 117 Conn. App. 680, 696, 981 A.2d 497 (2009), *cert. denied*, 294 Conn. 923, 985 A.2d 1062 (2010). See *Maynard v. Sena*, 158 Conn. App. 509, 514, 125 A.3d 541, 545 (2015).

Courts particularly scrutinize judicial statements, post-conviction rulings and commentary from other proceedings because jurors may give such statements undue weight, misinterpret the legal standards being applied or conflate unrelated findings with liability in the civil case.

## II. ARGUMENT

### A. RULE 401: THE TRANSCRIPT DOES NOT MAKE ANY FACT OF CONSEQUENCE MORE OR LESS PROBABLE AND IS THEREFORE IRRELEVANT

The Transcript contains no evidence regarding the conduct of the defendant police officers in 1994. Instead, it concerns: the 2023 prosecutorial charging decision, newly discovered forensic identification and toolmark evidence presented decades after the events, prosecutions remarks and the presiding judge's personal reflections of the 1995 trial and criminal justice system broadly. *See* **Ex. A** at pp. 2-5. The Transcript does not shed light on the elements of the Plaintiff's civil claims here, including: whether an officer violated clearly established constitutional rights; whether officers acted negligently or intentionally; what information officers possessed in 1994; whether a municipal policy caused any constitutional violation; or whether any officer proximately caused Plaintiff's alleged damages.

The Transcript addresses solely post-criminal-conviction legal developments, including habeas standards, new evidence, and prosecutorial decisions—not relevant facts of consequence to the jury's civil determinations.

Because the Transcript lacks any probative value on the issues this jury must decide, it is inadmissible under Rule 401.

    **B.**    **RULE 403: EVEN IF MARGINALLY RELEVANT, THE TRANSCRIPT MUST BE EXCLUDED UNDER RULE 403**

        **1.**    **Jurors would Give Improper and Prejudicial Weight to Judicial Commentary within the Transcript**

The Second Circuit consistently holds that judicial findings, judicial commentary and opinions rendered in other cases are inadmissible in civil trials because jurors will give inordinate weight to a judge's prior statements. This would be particularly pertinent for statements that resemble conclusions on liability or factual determinations.

The Transcript contains legal conclusion and value-laden judgments. It records the Court stating, among other things, that: "This result is due to the multitude of errors of commission and omission committed by the State of Connecticut during the petitioner's trial." **Ex. A** at p. 4. "The criminal justice system failed you…You were in prison for twenty-eight years based on a tainted verdict…" **Ex. A** at p. 5. The comments address prosecutorial conduct, evidentiary suppression by prosecutors and systemic failures, not police action in 1994. However, jurors will inevitably and improperly attribute these statements to the Defendant officers. Because statements carry the imprimatur of judicial authority, they create an unacceptable risk of unfair prejudice and risk misleading the jury.

Rule 403 requires that evidence be excluded, even if relevant, if the jury will place undue weight on that evidence, to the neglect of their duty to evaluate the trial evidence for themselves. *See United States v. Awadallah*, 436 F.3d 125, 133 (2d Cir. 2006). Across contexts, courts are inclined to exclude prior determinations and decisions where their admission would undermine a jury's independent fact-finding would be undermined and invite jurors to afford them undue weight. *See, e.g., Martin v.*

*Cavalier Hotel Corp.,* 48 F.3d 1343, 1357 (4th Cir.1995) (excluding from evidence under Rule 403 a report prepared by the Virginia Employment Commission that concluded that plaintiff was not entitled to unemployment benefits because the jury was likely to place undue weight on it); *Carter v. Burch,* 34 F.3d 257, 265 (4th Cir.1994) (probative value of letter opinion substantially outweighed by danger of unfair prejudice because opinion "decided the precise issue before the jury ... thereby making it likely that the jury would have placed undue weight on such evidence."); *United States v. Perez,* No. 01 Cr. 848, 2002 WL 31368108, at *2 (S.D.N.Y. Oct.21, 2002) (precluding cross-examination of investigator as to court's determination that witness had not been credible in his testimony at a pretrial hearing because jury was likely to place undue weight on that finding); *Lee v. Executive Airlines, Inc.,* 31 F.Supp.2d 1355, 1358 (D.Fla.1998) (excluding EEOC inspector's report under Rule 403 because "it is distinctly possible that the jury will attach undue weight to the authoritative and personalized conclusions of the EEOC inspector, thus creating unfair prejudice.").

      Just like in those cases, the Transcript is a quintessential example of Rule 403 evidence. The authoritative judicial voice and legal conclusions in the Transcript are intertwined with issues the jury must independently assess. As such, the risk that jurors will give inordinate weight to these statements and undermine their ability to make factual determinations and conclusions on liability is too great. It must be excluded under Rule 403.

### 2. The Transcript Risks Severe Jury Confusion because It Applies Legal Standards that Have No Bearing on this Civil Case

The hearing addresses habeas corpus standards, standards for a new criminal trial, post-conviction forensic scientific developments, prosecutorial duties under *Brady* and the State's discretionary authority to enter a nolle. *See* **Ex. A** at pp. 2-3. The legal framework considered by the Court in 2023 are different and distinct from the standards that govern the civil claims in this matter. The Transcript captures statements related to different burdens of proof, consider unrelated criminal procedures and involves evidence not available at the time of the original investigation. To allow the Transcript to be introduced would invite the jurors to conflate criminal and civil matters, prosecutorial conduct with police conduct, and post-conviction findings with historic evidence from 1994. This is exactly the danger that Rule 403 is designed to prevent.

### 3. Admission of the Transcript Would Unfairly Prejudice the Defendants

Even if the Transcript carried any minimal probative value, Rule 403 requires exclusion because its admission would create overwhelming and unavoidable unfair prejudice against the Defendant officers. The Second Circuit has long recognized that evidence is unfairly prejudicial when it "tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission." *See* Advisory Committee Note to Rule 403; S. SALTZBURG AND K. REDDEN, FEDERAL RULES OF EVIDENCE MANUAL 43 (2d Ed. 1978 Supp.). The Transcript presents exactly this danger.

The Transcript contains sweeping judicial commentary that jurors would inevitably treat such statements as authoritative findings about wrongdoing, despite the

7

fact that they concern prosecutorial and post-conviction issues, not police conduct. The Transcript also references suppressed evidence, new forensic developments and the 2023 dismissal of the criminal case. These subjects have no probative value regarding the officers' actions in 1994 but would likely be misinterpreted as signaling police culpability. Courts routinely exclude such criminal outcomes and post-conviction rulings because they say nothing about whether officers acted objectively reasonably and risk misleading the jury.

### 4. Admitting the Transcript would Necessitate Multiple Collateral Mini-Trials

If the Transcript were admitted, the parties would be forced to litigate collateral issues such as the meaning of the habeas court's findings; *Brady* obligations of prosecutors; the significance of new forensic evidence discovered decades later; distinctions between prosecutorial misconduct and police conduct; and why the State nolled the case in 2023.

These issues are wholly collateral and would distract from the actual claims at issue. Rule 403 discourages precisely this kind of trial-within-a-trial.

### C. REFERENCE TO THE "OVERTURNED CONVICTION" IS LIKEWISE PREJUDICIAL AND MISLEADING

The jury can hear, and the Defendant does not oppose, that Plaintiff was convicted in 1995 and was incarcerated until 2022. However, informing the jury that a judge "overturned", "vacated" or "set aside" the conviction is irrelevant and highly prejudicial. Such language risks jurors assuming that there was a judicial finding of innocence or a judicial finding of misconduct, when the Transcript expressly did not make such findings. Instead, there was a nolle.

8

The Transcript is irrelevant under Rule 402, its admission would risk severe prejudice and confusion under Rule 403, the decision contains no findings against defendant detectives, and discussion of the decision would mislead the jury about facts and law. This Court should therefore prohibit any reference to the decision, including its contents, reasoning or conclusions, testimony that the Plaintiff's conviction was "overturned", any attempt to introduce the decision as an exhibit, and any suggestion that the decision could reflect misconduct by New Haven detectives. The only admissible fact concerning post-conviction history is that the Plaintiff was incarcerated in 1994 and released in 2022.

### III.     CONCLUSION

Because the June 13, 2023 dismissal proceedings Transcript is irrelevant under Rule 401 and, in any event, its admission would create overwhelming unfair prejudice, jury confusion and collateral litigation under Rule 403, Defendant respectfully requests that the Court exclude the Transcript in its entirety. Additionally, Defendant respectfully requests the Court preclude Plaintiff, his counsel, and all witnesses from referencing the Transcript, the fact that Plaintiff's conviction was overturned by a judge, any findings, reasoning or legal conclusions related to that process.

DEFENDANT,
CITY OF NEW HAVEN


By_____*/s/ Thomas R. Gerarde*_____
   Thomas R. Gerarde (ct05640)
   Alan R. Dembiczak (ct25755)
   Amanda E. Stone (ct31531)
   Lidia M. Michols (ct31789)
   Abigail R. Willauer (ct31834)
   Howd & Ludorf, LLC
   100 Great Meadow Road
   Suite 201
   Wethersfield, CT  06109
   Ph:  (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: tgerarde@hl-law.com
   E-mail: adembiczak@hl-law.com
   E-mail:  astone@hl-law.com
   E-mail:  lmichols@hl-law.com
   E-mail: awillauer@hl-law.com